WAYMOUTH ESTATE, INC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, PUERTO RICO, Respondent.

No. 1563. Argued May 8, 1944.—Decided May 17, 1944

J. *Henri Brown, E. Córdova Díaz, Carlos J. Faure,* and *José L. Hernández* for petitioner. *Miranda & Miranda Esteve* for plaintiff in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The only question involved in this certiorari proceeding is whether a verified complaint for the nullity of a mortgage foreclosure proceeding and restoration of the fruits thereof, which the law does not require to be verified, binds the defendant to verify his answer under the new Rules of Civil Procedure.

The controversy would have never arisen if the Rules of Civil Procedure had not been in force, in view of the fact that the clear and express terms of §118 of the Code of Civil Procedure prescribe that when a complaint is verified the answer must be verified, except if the admission of the facts contained in the complaint holds the party liable to a criminal prosecution or if an insular officer in his official capacity be the defendant. However, Rule 11 of the Rules of Civil Procedure prescribes that, except when otherwise *specifically* provided by rule or statute [1], pleadings need not be verified or accompanied by affidavit. The term "pleadings" in-

---

[1] It is specifically provided that the complaint be verified among others in the cases of mandamus, §654, Code of Civil Procedure, in injunctions for the retention and recovery of material possession of real property, §691 of the same Code, and in injunctions in general, Rule 65 of the Rules of Civil Procedure.

cludes the complaint as well as the answer, inasmuch as both are pleadings. Rule 7. This is so, since Rule 11 provides that except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit and since the complaint in this case is not one of those specifically required by statute or rule to be verified, the defendant is not required to verify his answer.

As Moore and Friedman state in Moore's Federal Practice:

"Under some state practices a party by verifying his pleading can compel the opposing party to verify subsequent pleadings. No such effort follows verification under Rule 11, since the rule provides that there must be verification only when specifically required by rule or statute." Volume 1, p. 618.

Under the Rules of Civil Procedure the verification of the pleadings is the exception and not the rule, and therefore the presence or absence of the verification has no legal effect except in those cases where by law or regulation it is so required. *Hummel* v. *Wells.Petroleum Co.*, 111 F. (2d) 883, 885.

█ In the order appealed from §118 of the Code of Civil Procedure is brought into consideration, and it is argued that it is in force, either as a rule or as a substitute and that, as it is not in conflict with Rule 11, said Section is fully applicable herein. Section 3 of Act No. 9 of April 5, 1941, prescribes:

"Every act in regard to allegations, or judicial practice or procedure in force at the time this Act is approved, shall be considered as a rule of the Supreme Court and shall continue in force as such unless it is modified, amended, or repealed by rules promulgated in accordance with the provisions of this Act."

Section 118 of the Code of Civil Procedure establishes a rule under the title, "Verification of Pleadings." But said Section, which is now a supplementary rule, has been modified or amended by Rule 11 in the sense that a litigant by

verifying his complaint does not compel the other party to verify his answer. The practice to which Moore refers when holding that such practice can not prevail is¹ the one contained in §118 of Code of Civil Procedure.

For the reasons stated, we must conclude that the order appealed from, inasmuch as it requires the petitioner to verify his answer because of the fact that the plaintiff voluntarily verified his complaint, is erroneous and should be vacated.